[17 NYS3d 477]

In the Matter of Peter S. Gordon, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, October 7, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris Mc-Donough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In an order dated March 10, 2015 (780 F3d 156 [2015]), the United States Court of Appeals for the Second Circuit (hereinafter Second Circuit) publicly reprimanded the respondent and suspended him from the practice of law before that court for two months. In addition, the respondent was directed to (1) disclose to all courts and bars of which he is a member a copy of the Second Circuit's opinion, its decision, and reports of the Committee on Admissions and Grievances (hereinafter CAG); and (2) complete six hours of live in-class CLE instruction in appellate immigration law. The respondent was admitted to the Second Circuit bar in 2008.

As revealed in the Second Circuit's decision, the respondent was referred to the CAG due primarily to his defaults in a number of appeals and his filing of motions that were not authorized by any rule of appellate procedure. Following a hearing, the CAG found clear and convincing evidence that the respondent engaged in conduct warranting the imposition of discipline. Specifically, the respondent had (1) filed a number of nearly identical "summary judgment" motions in at least nine cases that were not authorized by any rule of appellate procedure; (2) failed to comply with an April 2011 order directing him to either withdraw the summary judgment motions or explain their legal basis; (3) failed in 17 cases to file scheduling notification letters, in violation of the court's rules; (4) failed in 11 cases to comply with deadlines imposed by the court, resulting in the dismissal of two cases; and (5) failed to oppose the Government's motion for summary affirmance in at least one case. The CAG also found that the respondent's explanations for his failure to comply with the April 2011 order were "inconsistent, disingenuous, and lacking in credibility," and that his lack of candor during the CAG's hearing violated New York Rule of Professional Conduct (22 NYCRR 1200.0) rule 3.3 (a) (1), which prohibits a lawyer from knowingly making a "false statement of fact . . . to a tribunal or fail[ing] to correct a false statement of material fact . . . previously made to the tribunal by the lawyer." After considering several mitigating factors and aggravating factors, the CAG recommended a public reprimand and attendance at CLE classes in appellate immigration law.

Upon review, the Second Circuit adopted the CAG's findings and recommendation. The Second Circuit, however, considered the respondent's lack of candor during the CAG's proceedings to be a significant aggravating factor, which warranted a period of suspension. The Second Circuit further noted that the lack of candor was "not especially egregious" in that

> "it concerned only one of several issues before the [CAG]; it was not part of a pattern; the underlying conduct (the failure to comply with the April 2011 order), by itself, would likely warrant no more than a reprimand; and the lack of candor did not seriously disrupt the [CAG's] proceedings or cause any other serious prejudice." (780 F3d at 161.)

Weighing all of the respondent's misconduct, and the mitigating and aggravating factors, including his lack of candor, the Second Circuit concluded that a two-month suspension was appropriate.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 on March 23, 2015.

In response, the respondent filed a verified statement dated March 31, 2015, wherein he asserts that the imposition of reciprocal discipline would be unjust should this Court reciprocally impose a period of suspension. Since he has served his two-month suspension, which ended on or about May 11, 2015, he asserts that any period of suspension imposed by this Court will serve as a second suspension. He claims that this "will work a double harm" and "creates an unjust 'double jeopardy' situation." A second suspension will be devastating to his practice, says the respondent. The respondent suggests that this Court impose a public censure, with no suspension, or impose a two-month suspension, which should be deemed to have run concurrently with the Second Circuit's suspension. He also suggests that this Court could issue a sanction involving pro bono service or attendance at CLE classes. In order to expedite matters, the respondent expressly waives his right to a hearing.

Based on the findings of the Second Circuit, we find that reciprocal discipline is warranted. While we find no merit to the respondent's "double jeopardy" argument, considering all the relevant circumstances here, we deem a public censure to be an appropriate measure of discipline. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is publicly censured.

ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Peter S. Gordon, is publicly censured for his professional misconduct.