Matter of Colihan (2019 NY Slip Op 02088)





Matter of Colihan


2019 NY Slip Op 02088


Decided on March 20, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
COLLEEN D. DUFFY, JJ.


2018-03930

[*1]In the Matter of Michael J. Colihan, an attorney and counselor-at-law. (Attorney Registration No. 1914605)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 7, 1984. By order to show cause dated April 24, 2018, the respondent was directed to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an opinion and order of the United States District Court for the Southern District of New York dated March 26, 2018.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Michael J. Colihan, Brooklyn, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By opinion and order of the United States District Court for the Southern District of New York (hereinafter the District Court) dated March 26, 2018, the respondent was suspended from the practice of law in that court for a period of nine months, effective immediately, with leave to apply for reinstatement at the expiration of that term.
District Court Proceedings
As revealed in the opinion and order, the underlying facts involved three separate cases in the District Court where the respondent represented plaintiffs against the City of New York. In each of those cases, the respondent made statements to the court falsely claiming that he had tried but failed to reach his adversary to seek relief before seeking the same relief from the court. The respondent's false statements caused confusion, delay, and a waste of resources.
Vasconcellos v City of New York
The respondent represented the plaintiff in a District Court case entitled Vasconcellos v City of New York. On December 9, 2014, the respondent sent a letter to the Honorable Henry B. Pitman, U.S.M.J., seeking additional time to respond to the defendant's letter motion for sanctions based on the failure of a witness and the respondent to appear for a deposition noticed by the respondent. The December 9 letter stated that the respondent had sought consent from Corporation Counsel for an extension of time but that he had been unable to reach Corporation Counsel. That statement was false. The District Court found that the respondent's statement in the December 9 letter that he was unable to reach Corporation Counsel was designed to mislead the court into thinking that the respondent had met his obligation of conferring with his adversary. The court [*2]further found that the respondent had made similar false statements to the court on the same day in letters he filed in two other cases.
Patterson v City of New York
The respondent represented the plaintiff in a District Court case entitled Patterson v City of New York. On November 10, 2014, the respondent served 10 deposition notices on the City: one for each defendant police officer. Corporation Counsel, Daniel Louis Passeser, confirmed all of the deposition dates by email. However, the respondent did not schedule the depositions and failed to advise the City that he had not done so. On December 3, 2014, Passeser traveled with Detective John Fahim, the first deposition to be noticed, to the noticed place and time for the deposition. However, the respondent did not appear. Later that day, Passeser wrote the respondent an email expressing an intention to move for sanctions against the respondent for wasting his time and the time of the detective. On December 4, 2014, the respondent replied via email: "As I indicated in a prior letter, ( which you'll probably say you never got , a Law Dept. standard and favorite) I WON"T BE DEPOSING ANY DEFENDANTS UNTIL YOU FULFILL YOUR OBLIGATIONS TO PRODUCE THEIR DISCIPLINARY RECORDS WHICH JUDGE CASTEL RULED YOU HAD TO DO AT THE LAST CONFERENCE." This statement was false because the respondent had not sent any letter. The December 4 email, the District Court found, "was intended to cover up Respondent's neglect in failing to schedule the noticed depositions." On December 5, 2014, the City requested a pre-motion conference in anticipation of filing a sanctions motion. On December 9, 2014, the respondent requested an extension of time to respond to the City's motion, stating, "I have not been able to reach my adversary for his consent and no prior application for this relief has been made." That statement was false because, in fact, the respondent had not tried to reach his adversary.
Edwards v City of New York
The respondent represented the plaintiff in a District Court case entitled Edwards v City of New York. On December 9, 2014, the respondent sent a letter to the Honorable Gregory H. Woods, U.S.D.J., seeking to reschedule a conference. In that letter, the respondent stated that he had not been able to reach his adversary. That statement was false because, in fact, the respondent had not tried to reach his adversary.
In an order dated March 11, 2015, the Honorable Sarah Netburn, U.S.M.J., granted the City's motion and awarded sanctions "in the amount equal to one hour ($250.00) of Mr. Passeser's time for . . . appearing for a deposition that the noticing party failed to attend."
Based on the respondent's pattern of deception, on March 20, 2017, the Committee on Grievances for the District Court issued an order to show cause and statement of charges, charging the respondent with violating Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(a)(1) (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer), 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and 8.4(h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer). In response to the order to show cause, on April 24, 2017, the respondent submitted a declaration wherein he admitted to the factual allegations and the charges and presented mitigating evidence and a proposed sanction of a reprimand.
In view of the record and the respondent's admissions, the District Court found that the respondent violated rules 3.3(a)(1) and 8.4(c), (d), and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as charged. In determining the measure of discipline to impose, the District Court noted the following mitigating factors: the absence of a prior disciplinary record in the respondent's 33 years of practice, the respondent's candor and cooperation with the disciplinary proceeding, the respondent's expressions of remorse, the monetary sanctions the respondent already paid to compensate Corporation Counsel for his time, and the respondent's explanations for his state of mind at the time he made the false statements, which included, among other things, "an overwhelming amount of work." However, the District Court noted aggravating factors, including the respondent's dishonest and selfish motives, his multiple false statements that comprised a pattern spanning three cases, and his substantial litigation experience.
Taking into consideration all of the circumstances, the District Court found that a nine-month suspension from the practice of law was an appropriate and suitable discipline to be imposed. Accordingly, by opinion and order dated March 26, 2018, the respondent was suspended [*3]for a period of nine months from the practice of law in the court, effective immediately, with leave to apply for reinstatement at the expiration of that term.
Order to Show Cause
By order to show cause dated April 24, 2018, this Court directed the respondent to show cause why discipline should or should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by the District Court's opinion and order dated March 26, 2018.
In response, the respondent submitted an affidavit sworn to on May 24, 2018, wherein he contends that a reciprocal suspension by this Court would be unjust for several reasons. A suspension, he argues, would
"nullify the District Court[']s leave for reinstatement at the end of nine months and extend the suspension order of the District Court, since in order to be admitted to practice in the Southern District one must be an attorney in good standing in the State of New York [see Local Civil Rule 1.3(a) of the Joint Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York]. Therefore, if suspended in this Court, [the respondent] would first be required to move for reinstatement in this Court at the end of the State suspension period, and then await a positive decision before being able to apply for reinstatement in the Southern District."
This, respondent points out, is qualitatively different from the effect of a similar suspension imposed based on a disciplinary decision from other jurisdictions.
The respondent further argues that a nine-month suspension by this Court would be manifestly unjust because it would prohibit him from the practice of law throughout the State, whereas the nine-month suspension by the District Court is limited to his representation of clients in the United States District Courts for the Southern and Eastern Districts of New York. In addition, the respondent claims that the nine-month suspension in the District Court is already a "substantial penalty" because litigation in that court forms a significant part of his practice.
Should this Court impose reciprocal discipline, the respondent argues that a sanction no greater than an public censure is the appropriate penalty, citing Matter of Gordon (132 AD3d 191). The respondent asks this Court to consider the mitigating factors cited by the District Court in its opinion and order, namely, the lack of a prior disciplinary history in his 33 years of practice, his candor and cooperation with the disciplinary proceeding, his expressions of remorse, and the monetary sanctions he already paid to compensate Corporation Counsel.
Findings and Conclusion
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the District Court. Furthermore, we find that the respondent's dishonesty and deception as exhibited by the multiple false statements he made to the District Court are unacceptable and clearly sanctionable for an attorney with his years of experience as a litigator. While no client was harmed, there was at least harm to opposing counsel, which has been mitigated by the payment of monetary sanctions. Even more important, the respondent's conduct—involving three separate acts of deliberate misrepresentation to a court—is a direct and significant harm to the judicial system, to the legal profession at large, and to the public. We cannot stress strongly enough the courts insist that the attorneys appearing before them be both zealous in their representation of their clients and honest in their representations to the courts. Failure to adhere to basic standards of honesty may be addressed not only by the imposition of financial sanctions (see 22 NYCRR part 130) but through the disciplinary process. However, in view of the circumstances of this case, the nature of the respondent's misconduct, his remorse and candor, the financial sanctions imposed and paid, the significant impact of the suspension imposed by the District Court, as well as the lack of a prior disciplinary history in a 33-year career practicing law, we conclude that the appropriate sanction is a public censure.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and DUFFY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Michael J. Colihan, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court